IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAWRENCE SIMPKINS,

    Plaintiff,

v.                                                  CASE NO. 5:16-cv-300-LC-GRJ

DANIEL M EVERETT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Appalachee Correctional Institution, initiated this civil action by filing ECF No. 1, a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff failed to either pay the $400 civil case filing fee or file a motion for leave to proceed as a pauper. Because it is clear that the Complaint is due to be summarily dismissed, the Court will not require Plaintiff to correct these deficiencies prior to dismissal.

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).  A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

Plaintiff's claims stem from events that occurred while Plaintiff was confined at Jackson CI.  Plaintiff alleges that in July 2015 he was charged in a disciplinary report for fighting.  Plaintiff was convicted and sentenced to 30 days of disciplinary confinement.  His appeal was approved based on a technical error, with a notation that the disciplinary report would be rewritten.  Plaintiff was found guilty following a second hearing.  Plaintiff alleges that his conviction in the second proceeding amounts to a violation

of his due process rights.  Plaintiff also alleges that he has suffered "hardship" by being denied a good adjustment transfer closer to his family.  For relief, Plaintiff seeks monetary damages.   ECF No. 1.

Federal courts do not operate as appellate courts for prison disciplinary actions.  Because, as Plaintiff concedes, he was found guilty of the disciplinary charge, the only viable claim concerning a disciplinary report would be a claim asserting procedural violations, such as the denial of witnesses or evidence or the failure by the prison to give the inmate notice of the disciplinary charge.  *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing Young v. Jones*, 37 F.3d 1457 (11th Cir. 1994)).

Plaintiff has alleged no facts suggesting such procedural defects in the proceedings.  Even if he alleged such facts, the resulting punishment imposed upon Plaintiff must amount to a constitutional violation in order to be cognizable in a civil rights case.  *See Sandin v. Connor*, 515 U.S. 472, 484 (1995) (recognizing only two instances in which a prisoner may claim a violation of a constitutionally protected liberty interest: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life."). Plaintiff has alleged no facts suggesting that his disciplinary confinement amounted to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 486 (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection). Plaintiff does not have a liberty interest in being free from disciplinary confinement or in being transferred to a prison closer to his family, and he does not allege that he has lost any gain time as a result of his disciplinary conviction, or that his term of imprisonment was altered in any other way. The Court therefore concludes that the Complaint fails to state a cognizable due process claim with respect to Plaintiff's disciplinary proceeding.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IN CHAMBERS**   this 7th day of November 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**